### CLINTON FEED, OIL & GIN PLANT v. PIPES.*

No. 1895.

Court of Appeal of Louisiana. First Circuit.

Nov. 17, 1938.

W. F. Kline, of Clinton, and Borron, Owen & Borron, of Baton Rouge, for appellant.

Geo. J. Woodside and R. H. Kilbourne, both of Clinton, for appellee.

DORE, Judge.

The suit is for $184.20 for fertilizer and planting seed which plaintiff claims to have sold and delivered defendant, through his agent and manager, for use on his Avondale Plantation in the spring of 1937. The defendant denies that he bought the items charged to him, and also denies that he authorized his employee, D. J. Wise, to purchase any supplies for use on said plantation or to charge anything to his account.

Judgment was rendered against the plaintiff, rejecting its demands, and plaintiff has appealed.

On October 23, 1936, the defendant entered into an agreement with one D. J. Wise wherein Wise agreed to look after the farm interest of defendant in East Feliciana Parish and render any further

*Rehearing denied Dec. 19, 1938; writ of certiorari denied by Supreme Court Jan. 10, 1939.

service in looking after the different places and supervising and directing of same, which included building and repairing fences and houses, planting and growing crops of corn, oats, beans, potatoes, and raising hogs, etc. Wise was to receive $25 per month plus a certain per centum of profits on cotton grown and hogs raised on the place from November 1, 1936 to November 1, 1937.

The defendant lives in New Orleans, but he comes out occasionally to see about his farming interests. Defendant testified that he bought seed and fertilizer for his tenants himself, for cash, and never authorized Wise to make purchases for him, nor to charge anything to his account.

It appears that Wise purchased two tons of fertilizer from plaintiff company on February 13, 1937, for $58.30 and had the amount charged to defendant. The defendant knew nothing of this purchase by Wise, nor did defendant run any account with plaintiff for supplies for the plantation. On March 15th, defendant went with Wise to plaintiff's place to purchase some feed; this feed was paid for at that time by defendant, nothing being said about the fertilizer which had been purchased by Wise and charged to defendant, although both partners who own and operate plaintiff company were present and knew that defendant paid cash for the feed he bought that day.

At the same time this feed was purchased, the partners, who own plaintiff company, claim that Wise stated to them in the presence of Mr. Pipes, the defendant, that they would be needing more supplies for the plantation, and that he (Wise) would get Mr. Pipes to give a check for what had been purchased before Mr. Pipes returned to New Orleans. Mr. Pipes says that he did not hear any such conversation. Plaintiff has not offered any reasonable explanation as to why this February purchase was not mentioned to Mr. Pipes personally, and as to why, upon failing to receive the check promised by Wise, Mr. Pipes was not thereupon notified. Mr. Pipes knew nothing of this purchase.

In April and May following, Wise purchased planting seed on several occasions from plaintiff and had the account charged to defendant. The first time that defendant knew that plaintiff had an account charged against him was in November of that year when a bill was mailed to him, and he immediately denied any responsibility for it. Plaintiff claims that this fertilizer and these planting seed were delivered to and used on defendant's plantation as part of its operation. The evidence does not establish that any of these supplies were used on this plantation.

When an agent is appointed to manage, supervise or oversee a particular business for his principal, the agent has the implied authority to bind his principal for the purpose of carrying on the business in the usual and customary way. *2 Corpus Juris Secundum, Agency*, p. 1241, § 103; Mackey & Morris v. C. De Blanc, 12 La. Ann. 377.

But in this case it is not shown that Wise had been accustomed to purchase goods for the plantation in the name of defendant. On the contrary, it is shown that defendant paid cash for his supplies and had never authorized plaintiff or any one else to charge him for supplies furnished this plantation. It is said in *2 Corpus Juris Secundum, Agency*, p. 1308, § 114, that contracts to purchase are within an agent's authority when, and to the extent that, the agent has been given the power to buy or the appearance of such power or where such is incidental to others which have thus been confided to him.

The defendant did not hold out Wise to the plaintiff as having authority to buy for him. There is nothing shown in the conduct of the defendant toward plaintiff by which the plaintiff could have been misled as to the authority of Wise, but the circumstances rather indicate that plaintiff either knew, or should have known, that Wise did not have the authority to purchase supplies for this plantation and have them charged to defendant.

For these reasons, the judgment is affirmed.